```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

SCOTT M. WOOD,

                                Petitioner,

      -vs-

ROBERT M. MACCARONE, Chairman and
Director of Probation,

                                Respondent.

**No. 6:14-CV-06639 (MAT)**
**DECISION AND ORDER**

_____

## I. Introduction

Scott M. Wood ("petitioner"), proceeding *pro se*, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted by a jury of misdemeanor aggravated driving while intoxicated (N.Y. Veh. and Traff. Law ["VTL"] § 1192(2-a)) and driving while intoxicated (VTL § 1192(3)). Petitioner's judgment of conviction originated from the New York State Town Court, Town of York (Purtell, J.). Petitioner was sentenced to a term of three years probation[1] and a fine of $1,500, along with an ignition interlock requirement.

## II. Factual Background and Procedural History

Petitioner filed a direct *pro se* appeal to Livingston County Court, which reserved judgment pending remission to Town Court for a hearing to determine whether the sheriff's deputy exceeded the allowable level of Fourth Amendment intrusion pursuant to People v. DeBour, 40 N.Y.2d 210 (1976). After the Town Court found that the

---

[1] It appears from the record that petitioner's probation expired on October 7, 2016.

deputy's actions were lawful, County Court affirmed petitioner's judgment of conviction on July 31, 2013.

In the decision and order affirming petitioner's conviction, County Court (Wiggins, J.) specifically rejected petitioner's legal sufficiency claim as unpreserved. Alternatively, the court found the claim meritless because the evidence was sufficient to allow the jury to infer from the circumstances that petitioner, who was found seated in the driver's seat of a running vehicle with the vehicle's lights on, intended to drive the vehicle. The court also rejected petitioner's prosecutorial misconduct claim, finding that (1) although the prosecutor arguably committed prosecutorial misconduct in the opening statement when he implied that petitioner could "operate" the vehicle just by sitting in the vehicle and with no accompanying evidence of intent, the trial court corrected the error by advising the jury that nothing said in opening statement was evidence and by issuing a curative instruction from the pattern criminal jury instructions ("CJI"); and (2) the prosecutor's alleged misconduct on summation constituted fair comment on the evidence. Finally, the court found that the trial court did not err in denying petitioner's request to deviate from the standard CJI definition of the element of operation.

The instant petition alleges four grounds, arguing that (1) petitioner's arrest was the product of an illegal search and seizure; (2) the evidence was legally insufficient to support his conviction; (3) the prosecutor committed misconduct in the opening and closing statements; and (4) the trial court erred in submitting

2

its instructions to the jury, refusing to allow a video to be played by defense counsel, and "barr[ing]" counsel from objecting to the prosecutor's summation.

### III. Standard of Review

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to this petition. AEDPA "revised the conditions under which federal courts may grant habeas relief to a person in state custody." Kruelski v. Connecticut Super. Ct. for Judicial Dist. of Danbury, 316 F.3d 103, 106 (2d Cir. 2003) (citing 28 U.S.C. § 2254). Under AEDPA, a federal court may grant a writ of habeas corpus under 28 U.S.C. § 2254 only if the state court's adjudication of the petitioner's claim on the merits is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or involved an "unreasonable determination of the facts" in light of the evidence presented. 28 U.S.C. § 2254(d)(2).

### IV. Grounds Asserted in the Petition

#### A. Fourth Amendment Claim (Ground One)

Petitioner's Fourth Amendment claim is barred from habeas review by Stone v. Powell, 428 U.S. 465 (1976). "Where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."

3

Id. at 494 (footnotes omitted). The Second Circuit has noted that Stone requires only that "the state have provided the opportunity to the state prisoner for full and fair litigation of the Fourth Amendment claim." Gates v. Henderson, 568 F.2d 830, 839 (2d Cir. 1977) (en banc), cert. denied, 434 U.S. 1038 (1978). A federal court may undertake habeas review only in one of two instances: (1) "if the state provides no corrective procedures at all to redress Fourth Amendment violations," or (2) if "the state provides the process but in fact the defendant is precluded from utilizing it by reason of an unconscionable breakdown in that process. . . ." Id. at 840.

A petitioner receives a "full and fair opportunity" to litigate his Fourth Amendment claim where the state provides a "'statutory mechanism' for suppression of evidence tainted by an unlawful search and seizure." McPhail v. Warden, Attica Corr. Facility, 707 F.2d 67, 69 (2d Cir. 1983). New York State affords defendants the requisite corrective procedures. See CPL § 710.10 *et seq.*; see also u v. Riley, 975 F.2d 67, 70 n.1 (2d Cir. 1992) (noting that "federal courts have approved New York's procedure for litigating Fourth Amendment claims, embodied in N.Y. Crim. Proc. Law § 710.10 *et seq.,* as being facially adequate") (internal citation and quotation marks omitted).

Stone bars petitioner's claim that his arrest was unsupported by probable cause (see Edwards v. Phillips, 2007 WL 1834828, *4 (S.D.N.Y. June 26, 2007)). Here, petitioner was provided with the

4

opportunity to fully and fairly adjudicate his Fourth Amendment claims in state court, which County Court ensured by remitting petitioner's case for a suppression hearing on his Fourth Amendment claim prior to ruling on petitioner's appeal. Accordingly, petitioner's Fourth Amendment claim in this proceeding is barred by Stone.

Moreover, petitioner has not demonstrated that an "unconscionable breakdown" occurred in state court. "[U]nconscionable breakdown in the state's process must be one that calls into serious question whether a conviction is obtained pursuant to those fundamental notions of due process that are at the heart of a civilized society." Cappiello v. Hoke, 698 F. Supp. 1042, 1050 (E.D.N.Y. 1988), aff'd, 852 F.2d 59 (2d Cir. 1988) (per curiam); accord, Capellan v. Riley, 975 F.2d 67, 70 (2d Cir. 1992) (observing that some sort of "disruption or obstruction of a state proceeding" of an egregious nature, e.g., the bribing of a trial judge, typifies an unconscionable breakdown). No such breakdown is discernable from the record. Even if the state court erroneously decided the issue, which it did not, a petitioner cannot gain federal review of a Fourth Amendment claim simply because a federal court may reach a different result. See Capellan, 975 F.2d at 71. This Court is thus precluded from considering petitioner's Fourth Amendment claim, and the claims is dismissed.

### B. Legal Sufficiency (Ground Two)

Petitioner contends that his judgment of conviction is unsupported by legally sufficient evidence. As noted above, County Court explicitly rejected this argument as unpreserved. Accordingly, this claim is barred by an adequate and independent state law ground, and is therefore dismissed. See Anderson v. Griffen, 2012 WL 5227297, *2 (W.D.N.Y. Oct. 22, 2012) (citing Baker v. Kirkpatrick, 768 F. Supp. 2d 493, 500 (W.D.N.Y. 2011) (holding that Appellate Division's dismissal of insufficiency-of-the-evidence claim as unpreserved was an adequate and independent state ground); Garcia v. Lewis, 188 F.3d 71, 79-82 (2d Cir. 1999) (recognizing that New York has a well-established preservation rule that is regularly followed in a number of contexts)).

### C. Prosecutorial Misconduct (Ground Three)

County Court's finding that the prosecutor did not commit misconduct in either the opening or closing statements was not contrary to, nor an unreasonable application of, relevant precedent. Initially, the court notes that "[h]abeas review of prosecutorial misconduct claims is narrowly circumscribed. More than 'mere trial error' is required to grant relief." Tucker v. Bennett, 219 F. Supp. 2d 260, 268 (E.D.N.Y. 2002) (quoting Tankleff v. Senkowski, 135 F.3d 235, 252 (2d Cir. 1998)). According to relevant Supreme Court precedent, any evaluation of prejudicial error resulting from inappropriate prosecutorial comments must be

6

assessed in the context of the trial as a whole. See United States v. Young, 470 U.S. 1, 11–12 (1985). In making this evaluation, the Second Circuit has generally focused on three factors: "the severity of the misconduct, the measures adopted to cure the misconduct, and the certainty of conviction absent the misconduct." United States v. Elias, 285 F.3d 183, 190 (2d Cir. 2002).

First, County Court correctly found that the trial court's curative instruction to the jury, which advised it accurately on New York law pursuant to the CJI, sufficiently removed any prejudice stemming from the prosecutor's opening statement. As respondent notes, this CJI instruction on operation has been explicitly approved by the New York State Supreme Court, Appellate Division, Fourth Department. See People v. Dunning, 305 A.D.2d 1074 (4th Dep't 2003). Second, County Court appropriately found that the prosecutor's remarks on summation, in which petitioner argues that the prosecutor "went outside the bounds of evidence," constituted fair comment. This is especially true considering the otherwise overwhelming evidence of guilt presented against petitioner. See, e.g., Fomby v. Artus, 2016 WL 5468095, *3-4 (W.D.N.Y. Sept. 29, 2016). Accordingly, petitioner's claim of prosecutorial misconduct is dismissed.

### D.  Alleged Trial Court Errors (Grounds Three and Four)

Petitioner contends that the trial court erred in (1) submitting instructions to the jury, (2) refusing to allow a video to be played by defense counsel, and (3) "barr[ing]" counsel

7

from objecting to the prosecutor's summation. Petitioner's first claim, that the trial court erred in its presentation of jury instructions, is not cognizable on habeas review, because it does not "reach[] constitutional magnitude," but rather revolves entirely around the operation element of DWI as established by New York law. Cordoba v. Harris, 473 F. Supp. 632, 634 (S.D.N.Y.), aff'd, 614 F.2d 1286 (2d Cir. 1979) (citing, inter alia, Cupp v. Naughten, 414 U.S. 141, 147 (1973)).

Petitioner's contention that the trial court refused to allow him to play portions of a police dashboard camera video to the jury is meritless. Accordingly, County Court's summary rejection of that contention on direct appeal was not contrary to, nor an unreasonable application of, relevant federal precedent. The record reveals that the entire dashboard camera video was published to the jury as evidence. It is unclear from the record whether the entirety of the video was played during the course of the trial; however, it is clear from the transcript that petitioner received a full and fair opportunity to both cross-examine the police officer and to point to portions of the video he deemed relevant, either through cross-examination or on summation. Thus, no prejudice stemmed from this alleged error. Similarly, considering the overwhelming evidence against petitioner, the trial court's admonishment to petitioner that he was not to object to the prosecutor's summation, while error, was harmless. See, e.g., Bryant v. Artus, 2012 WL 5288771, *10 (W.D.N.Y. Oct. 23, 2012)

8

(noting that, even in the presence of error, petitioner is "still required to make a showing of prejudice in order to obtain habeas relief"). Accordingly, petitioner's claims that the trial court errors denied him due process are dismissed.

## V. Conclusion

For the foregoing reasons, petitioner's request for writ of habeas corpus is denied and the petition (doc. 1) is dismissed. Because petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                        **S/Michael A. Telesca**

                                        HON. MICHAEL A. TELESCA
                                     United States District Judge

Dated:   July 18, 2017
        Rochester, New York.